IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
11/19/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

EDGAR RAFAEL MALDONADO CRUZ,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center; and
SAMUEL OLSON, ICE Field Office Director,

Respondents.

Case No. 26-3431-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. The petition is hereby **granted**. Respondents are ordered to effect the release of petitioner on or before **November 25, 2026**, and they are further ordered to provide notice to this Court when such relief has been given.

In 2018, petitioner, a native of Mexico, was admitted to the United States as a visitor, authorized until January 9, 2019. On February 13, 2026, petitioner submitted an application for a T Visa to the United States Citizenship and Immigration Services (USCIS). On October 24, 2026, immigration officials detained petitioner and initiated removal proceedings, and petitioner remains confined in this judicial district. Petitioner

filed the present action on November 9, 2026; respondents have filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner argues that the Government has not complied with an applicable 2021 policy in continuing to detain him.[1] On May 20, 2026, a federal district court stayed a 2025 Government directive – including its rescission of prior policies – as applied to a class that includes any individual with a pending T Visa application. *See Immigration Center for Women and Children (ICWC) v. Noem*, 351 F.R.D. 324, 396-97 (C.D. Cal. 2026). The result is that the Government's immigration enforcement activities against such individuals are presently governed by a 2021 Directive (ICE Directive 11005.3) entitled "Using a Victim-Centered Approach with Noncitizen Crime Victims." The 2021 Directive states in relevant part as follows:

> [A]bsent exceptional circumstances, ICE will refrain from taking civil immigration enforcement action against known beneficiaries of victim-based immigration benefits and those known to have a pending application for such benefits [such as a U Visa].
>
> . . .
>
> When a noncitizen has a pending or approved application or petition for a victim-based immigration benefit, absent exceptional circumstances, ICE will exercise discretion to defer decisions on civil immigration enforcement action against the applicant or petitioner (primary and derivative) until USCIS makes a final determination on the pending victim-based immigration benefit application(s) or petition(s) . . . .
>
> . . .

[1] Although the same policy would prohibit petitioner's removal, this Court is authorized to review only petitioner's detention pending his removal proceedings.

> ICE should pursue civil immigration enforcement action against beneficiaries of victim-based immigration benefits only in exceptional circumstances . . . .
>
> Except where exigent circumstances exist that make it impracticable to do so, before ICE takes civil enforcement action against a noncitizen, ICE officers and agents must consult available records and databases . . . to determine whether the noncitizen is a beneficiary of victim-based benefits, or has a pending application or petition for such benefit.

An enforcement action for purposes of the Directive is defined to include a decision "whether or not to . . . [d]etain or release from custody subject to conditions;" and exceptional circumstances generally exist only if the noncitizen "poses national security concerns" or "poses an articulable risk of death, violence, or physical harm to any person." Petitioner argues that her detention violates the governing directive because there are no exceptional circumstances here as required.

Respondents first argue that the *ICWC* court's orders should not be considered binding on this Court. As the Court has previously explained in rejecting this argument, it does not decide in this case whether the Government violated the *ICWC* court's injunctions; rather, the Court considers only whether the Government violated the 2021 Directive, which now governs enforcement activities with respect to certain noncitizens. *See Mondragon Gordillo v. Mackey*, 2026 WL 3132071, at *2 (D. Kan. Oct. 20, 2026) (Lungstrum, J.); *Escobar Ramirez v. Mullin*, 2026 WL 2619875, at *2 (D. Kan. Sept. 4, 2026) (Lungstrum, J.). The Government does not dispute that petitioner is a member of the *ICWC* class or that it must abide by the 2021 Directive with respect to its enforcement activities involving petitioner. Thus, the Court concludes, as it has in its previous cases involving application of the 2021 Directive, that the Government was not permitted to

detain petitioner unless detention was justified by exceptional circumstances, meaning petitioner posed either national security concerns or "an articulable risk of death, violence, or physical harm to any person."

Respondents concede that no such determination has been made with respect to petitioner. Respondents have not identified any risk of harm or other exceptional circumstances that would permit detention of petitioner under the Directive, nor have they argued that the Court should find compliance with the Directive in this case; rather, they merely preserve arguments made in prior similar cases before this Court, while acknowledging that the Court is likely to adhere to its prior rulings. In particular, respondents acknowledge that the Court has found the Government's evidence to be insufficient in prior similar cases, yet they provide no information to support the detention in this case. Respondents only note that a final custody decision under the Directive remains pending, with superior officials reviewing local officials' custody recommendation (although the Government has not identified any basis for that recommendation); however, the Directive required the Government, absent exigent circumstances, to consult available records to determine whether petitioner had a pending

application *prior to detaining him*. Accordingly, the Court finds that the Government has violated the Directive by detaining petitioner, who is therefore entitled to his release.[2] [3]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **granted**. Respondents are ordered to effect the release of petitioner on or before **November 25, 2026**, and they are further ordered to provide notice to this Court when such relief has been given.

IT IS SO ORDERED.

Dated this 19th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[2] Respondents have not argued that any particular terms of supervision should be imposed if petitioner is released. Accordingly, as it did in *Mondragon Gordillo*, the Court orders that petitioner be released subject to no additional terms of supervision beyond those that were already in place in his removal proceedings prior to his detention, so that the *status quo ante* is achieved here. Moreover, respondents must ensure that officials are aware of this order, so that petitioner does not suffer the type of "oversight" that occurred in *Mondragon Gordillo*, in which an official imposed a new ankle monitoring condition despite the Court's prohibition.

[3] In light of this ruling, the Court need not address petitioner's due process claim.